UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Moore,<br>*a.k.a. Gregory Lee Moore,*<br><br>Petitioner,<br><br>vs.<br><br>Warden, FCI Edgefield,<br><br>Respondent. | ) C/A No. 2:11-02086-RBH-BHH<br>)<br>)<br>)<br>)<br>)<br>)  Report and Recommendation<br>)<br>)<br>) |

Gregory Moore ("Petitioner"), proceeding *pro se*, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner was a federal inmate incarcerated at Federal Correctional Institution (FCI)-Edgefield at the time the pleading was filed.[1]

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND**

On October 17, 2006, Petitioner entered a guilty plea in the United States District Court for the District of South Carolina to two counts of fraud activity connected with access devices in violation of 18 U.S.C. § 1029(a)(2), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. *See U.S.A. v. Moore*, Civil Action No. 7:06-00980-HMH-1 (D.S.C.) at ECF No. 29. Petitioner was sentenced on January 23, 2007, to a total term of eighty-seven (87) months of incarceration, followed by three (3) years of supervised

---

[1] Petitioner has submitted a notice of address change indicating that he is no longer confined at FCI Edgefield.

1

release, and restitution in the amount of $198,648.54. *Id.* at ECF No. 41. Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C § 2255 on January 14, 2008, alleging that his attorney was ineffective for failing to file an appeal as requested. *Id.* at ECF No. 46. Petitioner's § 2255 motion was granted on January 22, 2008. *Id.* at ECF No. 52. Petitioner then filed a notice of appeal. *Id.* at ECF No. 55. An order affirming the District Court's final judgment was issued by the United States Court of Appeals for the Fourth Circuit on August 7, 2008. *Id.* at ECF No. 62. Petitioner made a motion to reduce his sentence on April 13, 2010. *Id.* at ECF No. 64. An Amended Judgment was issued on September 13, 2010, reducing Petitioner's sentence to a total term of seventy-two (72) months. *Id.* at ECF No. 70. All other terms and conditions remained the same as those originally imposed. *Id.*

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been made of this *pro se* Petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a

federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

In the present § 2241 action, Petitioner challenges the "illegal restitution" imposed at sentencing and asks the Court to vacate the restitution order. ECF No. 1, pages 1, 3; ECF No. 1-4, page 10. A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper method to challenge the execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004). *See also U.S. v. Gripper*, No. 06-7928, 2007 WL 1115953 at **1 (4th Cir. April 16, 2007)(construing a challenge to the "implementation of the restitution portion" of a prisoner's sentence as a § 2241 petition). However, several circuit courts have held that a prisoner cannot challenge the legality of a restitution order by filing a writ pursuant to § 2241. *See Arnaiz v. Warden, Federal Satellive Low*, 594 F.3d 1326,1329 (11th Cir. 2010); *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1114-15 (5th Cir. 1990)(affirming district court's dismissal of a § 2241 petition on jurisdictional grounds to the extent the petition challenged the imposition of any form of restitution). *See also U.S. v. Banks*, 422 Fed. Appx. 137, 140 (3rd Cir. Apr. 4, 2011). As the instant Petition challenges the legality of the sentencing court's restitution order, rather than the execution of Petitioner's sentence, it is not cognizable under § 2241. *See Martin v. U.S.*, No.Civ.A. 1:03CV213, 2006 WL 231485 at *3 (N.D.W.Va. Jan. 31, 2006)(noting

that, while a challenge to the execution of a restitution order may be reviewed under § 2241, a challenge to the sentencing court's imposition of restitution is not cognizable under that statute).

Further, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through a motion brought pursuant to 28 U.S.C. § 2255. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). However, many appellate courts have concluded that, while restitution is part of an inmate's sentence, a motion under § 2255 "may not be used for the sole purpose of challenging fines or restitution orders." *U.S. v. Hudgins*, No. 06-6048, 2006 WL 2794412 at **1(4th Cir. Sept. 25, 2006)(unpublished)(citing *U.S. v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003)(collecting cases)); *U.S. v. Fabian*, Civil No. CCB-09-2810, Crim. No. CCB-07-0355, 2011 WL 2791085 at *30 (D. Md. July 14, 2011)(collecting cases). *See also U. S. v. Corcho,* No. 02-7747, 2003 WL 1712118 at *1 (4th Cir. Apr.1, 2003) (unpublished) ("it is well settled that § 2255 relief may not be granted when the litigant challenged only a fine or restitution order");  *Blaik v. U.S.*, 161 F.3d 1341, 1342-43 (11th Cir. 1998)(collecting cases).  Instead, challenges to the validity of a restitution order should be raised on direct appeal. *U. S. v. Hatten*, 167 F.3d 884, 887 n.5 (5th Cir. 1999); *U.S. v. Segler*, 37 F.3d 1131, 1135 (5th Cir. 1994).  *See also U.S. v. Banks*, 422 Fed. Appx. 137, 140 (3rd Cir. Apr. 11, 2011); *Dobbins v. Deboo*, Civil Action No. 2:09cv64, 2009 WL 3584004 at *5 (N.D.W.Va. Oct. 28, 2009).

As § 2255 is an inappropriate avenue for challenging a restitution order, Petitioner may be alleging that he satisfies the mandates of the § 2255 "savings clause,"[2] which allows a petitioner to proceed under § 2241 if he can demonstrate that the remedy allowed under § 2255 is inadequate or ineffective to test the legality of his detention. *See U.S. v. Poole*, 531 F.3d 263, 267 n.6 (4th Cir. 2008). To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d 328, 333-34 (4th Cir.2000). The instant Petition provides no allegations which undermine the validity of Petitioner's criminal conviction. Instead, Petitioner's sole challenge is to the restitution portion of his sentence. However, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. *See Poole*, 531 F.3d at 267 n. 7 ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."). Thus, to the extent Petitioner is attempting to invoke the savings clause embodied in § 2255, his claim is insufficient to do so and he is barred from proceeding with this habeas corpus action under § 2241.

---

[2] An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e).

## **CONCLUSION**

Accordingly, it is recommended that the § 2241 Petition in the above-captioned case be dismissed *without prejudice* and without requiring the Respondent to file a return. Petitioner's attention is directed to the important notice on the next page.

October 28, 2011                                                          s/Bruce Howe Hendricks
Charleston, South Carolina                                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).